# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NATHANIEL FIELDS,**

    **Plaintiff,**

vs.                                       **Case No. 4:08cv50-RH/WCS**

**DR. EFREN CARBONELL,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Doc. 37. As the motion was supported by a statement of uncontested material facts, doc. 38, and referred to exhibits filed with the memorandum of law, doc. 39, it was construed as a motion seeking summary judgment. *See* doc. 40. Plaintiff, a federal prisoner proceeding *pro se* in this case, was advised of his obligation to respond under FED. R. CIV. P. 56 and N.D. Fla. Loc. R. 56.1. Doc. 40. After being granted two enlargements of time, docs. 41-42, 44-45, Plaintiff filed a motion seeking to voluntarily dismiss this case "without prejudice, and to reserve the right to refile his claim at a later date." Doc. 46. Ruling was deferred and Defendants directed to respond. Doc. 47.

Defendants filed a motion to file a response out of time.  Doc. 48.  The motion was granted.  Doc. 50.  Simultaneously, Defendants filed their response to Plaintiff's motion and state that they object to dismissing the case "without prejudice."  Doc. 49.  Defendants contend that their previously filed motion for summary judgment serves as a basis "to dismiss the complaint *with* prejudice."  *Id.*, at 2.  Thus, Defendants requests that a ruling be entered on the motion for summary judgment and the Court dismiss this case on the merits instead of allowing Plaintiff to voluntarily dismiss his case.  *Id.*, at 3.

Defendants further contend that allowing Plaintiff to dismiss his case without prejudice and re-file would unfairly prejudice the Defendants who have already "put forward a motion for summary judgment which, at this point, should be granted by the Court."  *Id.,* at 3.  Defendants also "aver that the existing time limitations regarding filing of administrative claims or complaints in federal district court cannot be avoided by the plaintiff simply by receiving a dismissal of this complaint without prejudice."  *Id.*

Should a plaintiff seek to initiate a lawsuit that is time barred or not properly exhausted, such a defense may be raised expeditiously without expending great resources to do so.  Furthermore, a defendant faced with such a claim, having already defended against the same issue in prior litigation between the parties, would be well within the bounds of the law to seek costs from the plaintiff.  FED. R. CIV. P. 41(d).  That such a scenario *might* arise is not a basis to require a *pro se* litigant to continue a case which he no longer desires to pursue, and Defendants here are not prejudiced by allowing dismissal under Rule 41.

Thus, notwithstanding Defendant's objection that time and energy has already been expended in this case, Plaintiff's request for a voluntary dismissal should be granted under FED. R. CIV. P. 41(a)(2). As Defendant had served an Answer and a motion construed as one seeking summary judgment, a court order is required. FED. R. CIV. P. 41(a)(2). No counterclaim is pending and, thus, the case may properly end on Plaintiff's request. No ruling should issue as to Plaintiff's reservation of "the right to refile his claim at a later date." Doc. 46.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's request to voluntarily dismiss this action without prejudice, doc. 46, be **GRANTED** and the Clerk of Court be **DIRECTED** to administratively close this litigation pursuant to FED. R. CIV. P. 41(a)(2).

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2009.

  s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**