# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NATHANIEL FIELDS,

    Plaintiff,

v.     CASE NO. 4:08cv50-RH/WCS

DR. EFREN CARBONELL, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

After the defendants moved to dismiss or for summary judgment, the plaintiff moved to voluntarily dismiss this case without prejudice. The defendants opposed dismissal without prejudice, asserting that their motion for summary judgment was ripe and should be granted on the merits, thus ensuring that the plaintiff would not be able to refile the case. The case is now before the court on the magistrate judge's report and recommendation (document 51), which concludes that the plaintiff's motion for voluntary dismissal without prejudice should be granted.

The Eleventh Circuit has said that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the

defendant, for it is the defendant's interest that the court should protect." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).  But *McCants* also says, "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* at 856-57 (emphasis in original) (citing *LeCompte*, 528 F.2d at 604).

The Eleventh Circuit followed *McCants* in *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001) (per curiam).  There the district court granted a voluntary dismissal without prejudice, and the Eleventh Circuit affirmed, notwithstanding the defendant's assertion that it "had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion," and that the plaintiff "had failed to diligently prosecute the action." *Id*. at 1256.  The Eleventh Circuit said that neither of these circumstances, "alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Id.* (citing *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)).

In the case at bar, the defendants have made no showing that they will suffer "clear legal prejudice" if the claims are voluntarily dismissed without prejudice.  At most, the defendants face the "prospect of a subsequent lawsuit," *McCants*, 781 F.2d at 856-57, but that does not preclude dismissal without prejudice.  As a matter

*Page 3 of 3*

of discretion,

    IT IS ORDERED:

    The report and recommendation is ACCEPTED. The plaintiff's motion to voluntarily dismiss without prejudice (document 46) is GRANTED. The clerk must enter judgment stating, "The case is voluntarily dismissed without prejudice." The clerk must close the file.

    SO ORDERED on June 22, 2009.

                                      s/Robert L. Hinkle  
                                      United States District Judge